```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                     ATLANTA DIVISION

RICKY DUGGAN,                  *
                               *
     Plaintiff,                *
                               *       CIVIL ACTION FILE
vs.                            *
                               *       NO. _____
THOMAS E. GREENING,            *
individually,                  *
                               *
     Defendant.                *
```

**COMPLAINT FOR DAMAGES**

Nature of the Case

1.

This case concerns a plainly incompetent police investigation, which lead directly to the unlawful arrest, detention and imprisonment of Ricky Duggan.  Because Thomas Greening, the former DeKalb County detective who lead this investigation, is not immune from suit, Duggan seeks money damages, attorney's fees and costs, and a trial by jury.

Jurisdiction and Venue

2.

Jurisdiction for this suit is conferred by 42 U.S.C. § 1983, which provides in part:

> Every person who, under color of any statute,
> ordinance, regulation, custom or usage, of any
> State or Territory, or the District of Columbia,

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3.

Attorney's fees are authorized by 42 U.S.C. § 1988.

4.

Under 28 U.S.C. §§ 1331 and 1343(a)(3)&(4), the Court can entertain an action to redress a deprivation of rights guaranteed by the United States Constitution, and the Court has jurisdiction under 28 U.S.C. § 1367 to hear an action to redress a deprivation of rights guaranteed by the laws and the Constitution of the State of Georgia.

5.

All acts or omissions alleged in this complaint occurred in the Northern District of Georgia and therefore venue is properly within this district under 28 U.S.C. § 1391(b)(2).

## Parties

6.

Plaintiff Ricky Duggan ("Duggan") is a citizen of the State of Georgia, having resided exclusively at 260 Northern

Avenue, Building 7, Avondale Estates, Georgia 30002 for over 25 years. He is entitled to assert claims of this kind and nature.

7.

Defendant Thomas E. Greening ("Greening") was a Detective for the DeKalb County Police Department acting under color of state law at all times relevant to the allegations of this complaint. Greening resides at 1408 Red Delicious Court, Avon, Hendricks County, Indiana 46123-7735. Greening is sued in his individual capacity, and he is subject to the jurisdiction of this Court.

Facts

The Arrest

8.

On the morning of September 16, 2011, Duggan stepped outside his home and discovered that his car was gone. Believing that it had been stolen, Duggan called 911.

9.

A DeKalb County patrol officer responded to the call. At some point during his initial encounter with Duggan, the officer learned that there was an outstanding arrest warrant for Duggan. The officer left and returned with back-up.

The officers then informed Duggan about his warrant for possession of a firearm by a convicted felon.[1]

10.

Before he was arrested, Duggan pleaded that he had not owned a gun in decades (he was then 52 years old) and that he had no idea why there would be a warrant for his arrest. Though the officers were empathetic, they explained to Duggan that they had no choice but to arrest him.

11.

Duggan was taken to the DeKalb County Jail and eventually obtained a $5,000 bond.  He was released just over two days later.  That is when he first learned the circumstances underlying his arrest warrant.

### The Shooting Incident

12.

On February 26, 2011, Ms. Lakeisha Griffith ("Griffith") was driving her uncle's truck and her cousin Ricky Duggan ("Cousin Ricky") was a passenger.  After leaving Sears with a new washer and dryer, Griffith was driving on Covington Highway when a BMW driven by Mr. Carl

---

[1] Duggan, who is now 54 years old, plead guilty on February 14, 1977 in DeKalb County Superior Court to "the offense of armed robbery."  He was 17 years old.  He served a 6-year prison sentence, earning release in 1983.

Daley ("Daley") hit the truck.

13.

Both drivers pulled into a parking lot, where they began arguing and where Daley allegedly pulled a gun. Cousin Ricky reached into Griffith's purse and pulled out her gun. Griffith called the police. Shots were fired and Cousin Ricky fled the scene, leaving Griffith's gun on the passenger's seat of the truck. An off-duty police officer was nearby and helped to apprehend Daley.

14.

Later that day, at the police station, Griffith (a DeKalb County school employee) spoke with Greening. She described Cousin Ricky as "about 40 years old," or also as "mid 40's, lives on Mellville, Blue Jeans, skull cap, 5'09", cream color shirt, 140 lbs, slim." Although Griffith knew where her cousin lived, as she told Greening, "My cousin left [the scene of the Shooting Incident] but I don't know where he went."

15.

While Griffith was at the police station giving a statement, Greening ran the name "Ricky Duggan" through Georgia Crime Information Center (GCIC). At least one GCIC

query returned Duggan, indicating that he lived at 260 Northern Avenue, Building 7-E, Avondale Estates, Georgia 30002.  This is where Duggan had lived at for at least 15 years (having lived in units A and D of Building 7 at the same address in earlier years).

### The Arrest Warrant

16.

The next day, February 27, at around 5:00 p.m., Detective Greening applied for a warrant to arrest Duggan (not Cousin Ricky).

17.

In his affidavit, Greening swore that "Ricky Duggan" had a birth date of "03/23/1959" and that he lived at "2513 Mellville Ave Decatur, GA, 30032."

18.

Although Duggan was born on March 23, 1959, it was Cousin Ricky who lived at "2513 Mellville Ave Decatur, GA, 30032."

19.

In his affidavit, Greening swore that Duggan, on February 26, 2011, possessed a "40 caliber Smith & Wesson, after having been convicted on 2-14-1977 in DeKalb County

Superior Court ... of the offense of armed robbery felony under the laws of this state."

20.

Although Duggan was "convicted on 2-14-1977 in DeKalb County Superior Court ... of the offense of armed robbery felony under the laws of this state," it was Cousin Ricky who possessed a "40 caliber Smith & Wesson" on February 26, 2011.

21.

When Greening drafted the affidavit, a 40-year-old person (like Cousin Ricky) would have been about 6 years old in 1977 (i.e., the date of Duggan's predicate felony conviction).

22.

Despite a contradiction between Greening's GCIC query result and Griffith's statements (e.g., different addresses, different ages), Greening did not confirm with Griffith that Duggan was in fact her cousin. Instead he assumed simply that, because Duggan resided in DeKalb County, Duggan must be Cousin Ricky.

23.

Based on the facts presented by Greening, on April 18,

2012, the State of Georgia indicted Duggan for possession of firearm by convicted felon in violation of O.C.G.A. § 16-11-131(b).

24.

After the prosecution was underway, Duggan's public defender offered Griffith a picture of Duggan, and Griffith confirmed that Duggan was not Cousin Ricky.

25.

On December 5, 2012, Judge Linda Warren Hunter entered a Nolle Prosequi Order, stating that Duggan "was arrested based on his name alone. Upon further investigation, it was determined that he is not the individual involved in the incident that occurred on February 26, 2011."

26.

The State of Georgia has not re-indicted or otherwise re-charged Duggan for any crime arising out of the Shooting Incident, including the charge of possession of a firearm by a convicted felon. And the State has no intention of re-charging Duggan for that crime, either.

27.

As a direct and proximate cause of his unlawful arrest, detention and prosecution, Duggan has experienced pain and

suffering, extreme emotional distress, anxiety, humiliation, outrage and substantial damages to both his professional and personal reputation.

## COUNT 1

### 42 U.S.C. § 1983: False Arrest / Unlawful Seizure
### in violation of the Fourth Amendment

28.

Duggan incorporates paragraphs 1 through 27 here by this reference.

29.

Because Detective Greening failed to competently investigate the Shooting Incident, he identified Duggan as the participant in the Shooting Incident rather than Cousin Ricky.

30.

Greening should have recognized the errors in his arrest warrant affidavit, or at least harbored serious doubts as to the facts contained in it, given the inconsistencies between Griffith's description and the GCIC's search results.

31.

Greening failed to ask Griffith whether Duggan was her

cousin.

32.

Greening failed to mention the contradictory information in his arrest warrant affidavit.

33.

At all times relevant to this action, the law was established with obvious clarity that conducting an incompetent investigation that results in arresting a citizen without arguable probable cause and depriving a citizen of his liberty violates the Fourth Amendment to the United States Constitution and the Georgia Constitution (Art. I, § 1, ¶¶ I & XIII).

34.

As a direct and proximate cause Greening's acts and omissions, Duggan was seized and detained against his will, entitling him to compensatory, punitive and nominal damages in an amount to be determined by the enlightened conscience of the jury.

### COUNT 2

42 U.S.C. § 1983: Malicious Prosecution

in violation of the Fourth Amendment

35.

Duggan incorporates paragraphs 1 through 27 here by this reference.

36.

Detective Greening initiated a criminal prosecution against Duggan for violating O.C.G.A. § 16-11-131 (felon in possession of firearm), when he knew or should have known that no arguable probable cause existed to believe that Duggan violated this Georgia statute or committed any crime recognized by law.

37.

Detective Greening initiated the arrest and prosecution of Duggan by including false or reckless statements and making material omissions in his affidavit supporting Duggan's arrest warrant, thus displaying malice and a reckless disregard for Duggan's civil rights.

38.

The arrest and prosecution forced Duggan to appear in DeKalb County Superior Court numerous times on his criminal case.

39.

This criminal prosecution terminated favorably

for Duggan.

40.

At all times relevant to this action, the law was established with obvious clarity that arresting a citizen without arguable probable cause and depriving a citizen of his liberty violates the Fourth Amendment to the United States Constitution and the Georgia Constitution (Art. I, § 1, ¶ I).

41.

As a result of this prosecution, Duggan suffered emotional, mental and financial injury, entitling him to recover nominal, compensatory and punitive damages against the defendants in an amount to be determined by the enlightened conscience of the jury.

COUNT 3

O.C.G.A. § 51-7-1: Malicious Arrest

42.

Duggan incorporates paragraphs 1 through 27 here by this reference.

43.

Detective Greening initiated a criminal prosecution against Duggan for violating O.C.G.A. § 16-11-131 (felon in

possession of firearm), and he knew or should have known that no arguable probable cause existed to believe that Duggan had violated this Georgia statute or committed any crime recognized by law.

44.

Detective Greening initiated the arrest and prosecution of Duggan with malice, as interpreted under Georgia law.

45.

This criminal prosecution terminated favorably for Duggan.

46.

As a result of the arrest, Duggan has suffered emotional, mental and financial injury, entitling him to recover nominal, compensatory and punitive damages against Greening for the loss of his rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

COUNT 4

O.C.G.A. § 51-7-40: Malicious Prosecution

47.

Duggan incorporates paragraphs 1 through 27 here by this reference.

48.

Duggan incorporates paragraphs 1 through 54 herein by this reference.

49.

Detective Greening initiated and maintained a criminal prosecution against Duggan for violating O.C.G.A. § 16-11-131 (felon in possession of firearm), and he knew or should have known that no arguable probable cause existed to believe that Duggan had violated this Georgia statute or committed any crime recognized by law.

50.

Detective Greening initiated the arrest and maintained the prosecution of Duggan with malice, as interpreted under Georgia law.

51.

This criminal prosecution terminated favorably for Duggan.

52.

As a result of the arrest, Duggan has suffered emotional, mental and financial injury, entitling him to recover nominal, compensatory and punitive damages against Greening for the loss of his rights under this claim, in an

amount to be determined by the enlightened conscience of the jury.

## COUNT 5

### Negligence: Breach of Ministerial Duty

53.

Duggan incorporates paragraphs 1 through 27 here by this reference.

54.

As lead investigator on the Shooting Incident, Detective Greening had a ministerial duty to identify Cousin Ricky.

55.

Detective Greening breached this duty resulting in a deprivation of liberty interests protected by the Georgia Constitution's due process guarantees.  See Ga. Const. Art. I, § I, ¶¶ I & XIII.

56.

Greening's failure to perform this ministerial duty, which resulted in the unlawful arrest and detention of Duggan, entitles Duggan to recover nominal and compensatory and punitive damages against Greening for the loss of his rights under this claim, in an amount to be determined by

the enlightened conscience of the jury.

### COUNT 6

Punitive Damages

57.

Duggan incorporates paragraphs 1 through 27 here by this reference.

58.

Detective Greening's actions described in this complaint displayed a want of care showing a conscious indifference to consequences as contemplated under O.C.G.A. § 51-12-5.1.

### COUNT 7

O.C.G.A. § 13-6-11: Attorney's Fees

59.

Duggan incorporates paragraphs 1 through 27 here by this reference.

60.

By his acts and omissions specified above, as well as other conduct, Detective Greening has acted in bad faith, has been stubbornly litigious and has caused Duggan unnecessary trouble and expense.

61.

Duggan is entitled to recover his actual expenses of litigation, including attorney's fees, from Greening.

WHEREFORE, Duggan respectfully requests the following relief:

(a) That as to Counts 1, 2, 3, 4, and 5, the Court award Duggan compensatory, punitive (see also Count 6), and nominal damages against Greening in an amount to be determined by the enlightened conscience of an impartial jury;

(b) That the Court grant the Duggan his reasonable costs and attorney's fees in bringing this action in an amount to be determined at trial;

(d) That Duggan be granted a trial by jury on all issues so triable; and

(e) That Duggan be granted such other and further relief as this Court deems just and proper.

          Respectfully submitted,

          WIGGINS LAW GROUP

          BY: /s/ Cary S. Wiggins
          Cary S. Wiggins
          Ga. Bar No. 757657

```
Suite 401
260 Peachtree Street, NW
Atlanta, Georgia 30303
Telephone:  (404) 659-2880
Facsimile:  (404) 659-3272
```
www.wigginslawgroup.com